IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-00320-CMA-KMT

MONIQUE SALAZAR, individually and as surviving spouse
    of William Bradford, deceased,
WALTER SALAZAR BRADFORD, a minor child of William Bradford, deceased,
    by and through his parent and next friend, Monique Salazar, and
WILLIAM SALAZAR BRADFORD, a minor child of William Bradford, deceased,
    by and through his parent and next friend, Monique Salazar,

   Plaintiffs,

v.

ON THE TRAIL RENTALS, INC., a Colorado corporation,

   Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant On the Trail Rentals, Inc.'s Motion for Summary Judgment (Doc. # 24). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. For the following reasons, Defendant's Motion is granted.

### I. BACKGROUND[1]

This diversity action arises from a fatal snowmobile accident in which William Bradford ("Bradford") sustained fatal injuries after crashing into a tree. The snowmobile Bradford was riding had been rented from Defendant. Plaintiff Monique Salazar is

---

[1] The following facts are undisputed.

Bradford's surviving spouse; Walter Salazar Bradford and William Salazar Bradford are Bradford's surviving minor children (collectively "Plaintiffs").

On February 7, 2009, one day before his fatal accident, Bradford had signed a Rental Agreement (the "Rental Agreement") to use Defendant's recreational snowmobile equipment on February 7 and 8, 2009. The Rental Agreement provided in pertinent part as follows:

> Although the equipment leased to me by Lessor is appropriate so that I might enjoy an activity at which I may not be skilled, Lessor has informed me and I understand that this activity is not without **substantial risk**. These inherent risks can be the cause of loss or damage to my property, or accidental injury, illness, or in extreme cases, permanent trauma or death.  Among these risks are the following: (1) the nature of the activity itself; (2) the acts or omissions, negligent in any degree, of Lessor, it's agents and employees; . . . (8) contact with vegetation . . . I understand and acknowledge that the above list is not complete or exhaustive, and that other risks, known or unknown, identified or unidentified, may also result in ***injury, death, illness or disease, or damage to property*** . . .
>
> Being aware that this activity entails risks, I agree, covenant and promise and assume all responsibility or liability and risk for injury, death, illness, disease, or damage to property, arising out of or in any way connected with the participation in this activity to myself.  My participation in this activity is purely voluntary, no one is forcing me to participate, and I elect to participate in spite of and with full knowledge of the risks.  I hereby certify that I am fully capable of participating in this activity.
>
> I hereby voluntarily release and forever discharge Lessor, its agents, shareholders, officers, directors, and employees, and all other persons or entities from any and all liability, claims, demands, actions or rights of action, loss, damages, injury to persons or property, which are related to, arising out of or in any way connected with my participation in this activity and use of the leased equipment, including specifically but not limited to the negligent acts or omissions of Lessor, its agents and employees, and all other persons or entities, including attorney's fees and costs incurred.

>I further agree, promise and covenant to hold harmless and indemnify Lessor, its agents, shareholders, officers, directors and employees, and all other persons or entities for any injury to person or property, death, illness, disease or damage, expenses and costs including reasonable attorney's fees. I further agree, promise and covenant to waive any and all rights, claims, causes of action or rights to a certain claim which I may have or acquire against Lessor. I further agree, promise and covenant not to sue, assert, or otherwise maintain or assert any claim against Lessor, its agents, shareholders, officers, directors or employees, and all other persons or entities, for any injury, death, illness or disease, or damage to my property, arising out of or in any way connected with my participation in this activity.
>
>***I understand and acknowledge that by signing this document I have given up certain legal rights or possible claims which I might otherwise be entitled to assert or maintain against Lessor, its agent, shareholders, officers, directors, and employees, and other persons or entities, including specifically, but not limited to, claims of negligence in any degree of Lessor, its agents and employees.***
>
>**BY SIGNING THIS AGREEMENT I/WE AGREE TO THE TERMS AND CONDITIONS OF SAID CONTRACT.**

(Doc. # 24-1) (emphasis in original.) In signing this agreement, Bradford indicated that he had operated a snowmobile, "a few times." (Doc. # 24-1.) At the time of signing, Bradford also received snowmobile operation instructions and personally checked the snowmobile's condition.

Alleging that Bradford's death was proximately caused by Defendant's negligence, Plaintiffs filed their complaint on February 7, 2011. (Doc. # 1.) On June 16, 2011, Defendant filed the instant Motion for Summary Judgement, contending that Plaintiffs' negligence claim is barred by the Rental Agreement. (Doc. # 24.) Plaintiffs responded on July 7, 2011, and Defendant replied on July 20, 2011. (Doc. ## 27, 28.)

## II. **STANDARD OF REVIEW**

Summary judgement is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the Court views the evidence and all reasonable inference therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670-71. In attempting to meet that standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."

*Anderson*, 477 U.S. at 256; *see also Adler*, 144 F.3d at 671 n.1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671.

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III. ANALYSIS

The issue presented to the Court in Defendant's Motion is whether the Rental Agreement bars Plaintiffs' negligence claim. For the following reasons, the Court finds that the Rental Agreement is valid and enforceable.

The determination of whether an exculpatory agreement is valid and enforceable is a question of law for the court. *Day v. Snowmass Stables, Inc.*, 810 F. Supp. 289, 293 (D. Colo. 1993). In making this determination, the Court considers: (1) the existence of a duty to the public; (2) the nature of the service performed; (3) whether the contract was fairly entered into; and (4) whether the intention of the parties is expressed in clear and unambiguous language. *Jones v. Dressel*, 623 P.2d 370,

376 (Colo. 1981) (internal quotations omitted).  An exculpatory agreement that seeks to insulate a party from liability for its own negligence should be closely scrutinized.  *Id.*

Defendant argues, and Plaintiffs do not dispute, that the first and second *Jones* factors weigh against finding the Rental Agreement invalid.  Therefore, the Court limits its analysis to the third and fourth *Jones* factors.

**A.     WHETHER THE CONTRACT WAS FAIRLY ENTERED INTO**

It appears that the Rental Agreement was offered on a "take it or leave it" basis to Bradford.  Under Colorado law, "printed form contracts offered on a take it or leave it basis, alone, do not render the agreement an adhesion contract."  *Bauer v. Aspen Highlands Skiing Corp.*, 788 F. Supp. 472, 474-75 (D. Colo. 1992).  Rather, there must be a showing that the parties were greatly disparate in bargaining power, that there was no opportunity for negotiation, or that services could not be obtained elsewhere.  *See id.* at 475.  In the instant Motion, Defendant contends that the Rental Agreement was fairly entered into because snowmobiling is not an essential activity or one of practical necessity, the parties were not of greatly disparate bargaining power, and the services could have been obtained elsewhere.[2]  (Doc. # 24 at 10.)

Snowmobiling is a recreational activity.  As such, snowmobiling is not an essential service or one of practical necessity.  *See Brooks v. Timberline Tours, Inc.*, 941 F. Supp. 959, 962 (D. Colo. 1996) ("[B]y definition and common sense,

---

[2]  Although Plaintiffs argue in their Response that the Rental Agreement was not fairly entered into (Doc. # 27 at 8), the Court notes that Plaintiffs failed to address Defendant's arguments on this factor.

[snowmobiling] is neither a matter of great public importance nor a matter of practical necessity."). Because snowmobiling is recreational, and not an "essential service" or a "practically necessary" activity, Bradford did not enter into the Rental Agreement from an inferior bargaining position.  *See Mincin v. Vail Holdings, Inc.*, 308 F.3d 1005, 1111 (10th Cir. 2002); *Jones*, 623 P.2d at 377-78 (holding that the party seeking to enforce exculpatory agreement did not posses a decisive bargaining advantage because the skydiving service provided was not an essential service).  Furthermore, Plaintiffs fail to point to any other unfair circumstances surrounding the Rental Agreement.  Thus, the Court finds that the Rental Agreement was fairly entered into.

**B.    WHETHER THE RENTAL AGREEMENT IS CLEAR AND UNAMBIGUOUS**

The Court next considers whether the Rental Agreement expresses the intent of the parties to extinguish liability, and whether this intent was clearly and unambiguously expressed through the plain language of the Rental Agreement.  *See Heil Valley Ranch, Inc. v. Simkin*, 784 P.2d 781, 785 (Colo. 1989).  Whether an exculpatory agreement is ambiguous is a matter of law for the Court to decide.  *See Anderson v. Eby*, 998 F.2d 858, 861 (10th Cir. 1993).  To make this determination, Colorado courts look to factors such as: 1) whether the agreement is written in simple and clear terms that are free from legal jargon; 2) whether the agreement is inordinately long or complicated; 3) whether the release specifically addresses the risk that caused the plaintiff's injury; 4) whether the contract contains any emphasis to highlight the importance of the information it contains; and 5) whether the plaintiff was experienced in the activity

making risk of that particular injury reasonably foreseeable.  *See Heil Valley Ranch*, 784 P.2d at 785*; Chadwick v. Colt Ross Outfitters, Inc.*, 100 P.3d 465, 467 (Colo. 2004)*.*

Based on the considerations outlined above, the Court finds that the Rental Agreement clearly and unambiguously expresses the parties' intent to extinguish liability for any negligence by Defendant.  The Rental Agreement is written in relatively simple and clear terms, and is not inordinately long or complicated.  It articulates a risk of injury or death, and clearly states that the signor bears the risk of injury or death "arising out of . . . the negligent acts or omissions of Lessor, its agents and employees." (Doc. # 15-1, ¶ 4.)  The Rental Agreement's emphasis, through bold font and capitalization of several parts of the release, highlights the importance of the information it contains. *See Brooks*, 127 F.3d at 1275 (noting that the capitalization of relevant parts of an exculpatory agreement highlighted their importance). The Rental Agreement also specifically addresses a risk that describes Bradford's death, *i.e.* contact with vegetation.

Plaintiffs contend that the Rental Agreement is ambiguous because the Rental Agreement expressly bars claims brought by Bradford, but does not expressly bar claims brought by his "estate, heirs, administrators, assigns, or wrongful death beneficiaries."  (Doc. # 27 at 5-6.)  Although there is some ambiguity in the Rental Agreement in that it does not expressly preclude Plaintiffs from bringing a wrongful death action, the Court finds that any such ambiguity is irrelevant.  This is because the Rental Agreement clearly and unambiguously expresses Bradford and Defendant's

mutual intent to preclude Bradford from bringing a negligence claim.  By statute, the right to bring a wrongful death action in Colorado is dependent on the decedent's ability to have brought a claim.  *See* Colorado's Wrongful Death Act, Colo. Rev. Stat. § 13-21-201; *see also Rowan*, 31 F. Supp. 2d at 895 ("Colorado courts interpreting the statute hold, consistent with the plain language of the statute, that the right to bring a wrongful death claim is dependent on the decedent's ability to have brought the claim.").  Because the Rental Agreement would have clearly and unambiguously barred Bradford from suing Defendant for negligence had he survived the accident, Plaintiffs' negligence claim against Defendant must also fail as a matter of law.

## IV.  **CONCLUSION**

After consideration of the *Jones* factors, the Court concludes that the Rental Agreement is valid and enforceable.  Thus, Plaintiffs' negligence claim is barred by the Rental Agreement.

Accordingly, it is ORDERED that Defendant's Motion for Summary Judgment (Doc. # 24) be GRANTED.  It is FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE.

DATED:  March   20  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge